UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MIA L. WHITE,

    Plaintiff,

    v.                                                          Case No. 19-C-1515

MARY G. LEMMENES, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Mia White, who is currently serving a state prison sentence at Robert E. Ellsworth Correctional Center and representing herself, filed a complaint under 42 U.S.C. § 1983, alleging that her civil rights were violated. In a previous order, the court granted White's motion to proceed without prepayment of her filing fee, 28 U.S.C. § 1915(b)(1), but dismissed her complaint for failing to state a claim. White had sued the Wisconsin Department of Corrections for failing to maintain the walking track at Taycheedah Correctional Institution (TCI) where she had been serving her sentence. White claimed that she fell while walking on the track and suffered severe injuries that the staff failed to diagnose and treat. The court noted that the Department of Corrections was not a suable entity and that her conclusory allegations were not enough to permit her case to proceed. White was given leave to file an amended complaint on or before January 13, 2020, setting forth the facts needed to state a claim and provide the defendants notice of what her claim was about. White filed her amended complaint on December 30, 2019, and it is ready for screening.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

In her amended complaint, White again describes her fall while walking on the track at TCI and the injuries she sustained. She blames TCI for her fall because the track was in horrible shape due to heavy rainfall washing away the gravel days prior to her fall. White alleges she was examined by Nurse Petrie for complaints of everything bothering her at the time, including her back, right knee, and her right ankle, and given restrictions. When scheduled to see someone

months later, she complained of ongoing pain, discomfort numbness and back spasms. Even prior to this exam, she had written requesting an X-ray or MRI. When her request was denied, she wrote HSU Manager Luedtke who denied her request and told her to address it at her upcoming appointment which was still weeks out. Nurse Practitioner Lemmenes examined White, determined she had bursitis and gave her an injection that had no effect on her pain, which only grew worse. Doctor Weber saw her thereafter but ignored her request for an X-ray or MRI and gave her a walker instead. She was eventually scheduled for an X-ray of her shoulder but nothing was done for her back. White claims that she continued to experience pain and could no longer move or get out of her bunk. She began to write to the Inmate Complaint Examiner (ICE) and contact the warden and captains. She states that her complaint concerning the condition of the track was affirmed by the ICE, stating that it was the department's fault for her injury. This apparently was reversed later. In any event, White was eventually transferred to community custody, but still cannot work due to her severe pain and inability to be on her feet for long periods of time. She states that she has gained about 60 pounds in the last year as a result of being injured, with no changes in her pain. Based on these allegations, White seeks a significant amount of money for her pain and injuries.

### THE COURT'S ANALYSIS

The Eighth Amendment's proscription against cruel and unusual punishment protects prisoners from the unnecessary and wanton infliction of pain. U.S. CONST. AMEND. VIII. The state violates the proscription when it so restrains an individual's liberty that it renders her unable to care for herself, and at the same time fails to provide for her basic human needs. *Helling v. McKinney*, 509 U.S. 25, 32 (1993). Prison officials must take reasonable measures to ensure an inmate's safety. *Farmer v Brennan*, 511 U.S. 825, 832 (1994). To state a claim premised on the

3

prison official's failure to protect her from harm, White must allege that the defendants knew of and disregarded "excessive risk" to her health and safety. *Id.* at 837. Washed out gravel in a walking track does not reach this level. There is no suggestion that the condition at the track was not apparent to those using it. At most, the failure to maintain it appropriately may amount to causal negligence for White's injury, but it does not amount to cruel and unusual punishment. Accordingly, White has no federal claim as to the condition of the track. And, as to any state claim, the court would lack federal jurisdiction over it, to the extent that it is unrelated to White's other federal claims.

In addition to her claim that the track constituted an unconstitutional condition of her confinement, White has also asserted a claim for deliberate indifference as to her serious medical needs. This same claim is made in her other case, No. 19-CV-1629. Since she has already been allowed to proceed on that claim in her other case, there is no reason to pursue it here. Accordingly, this claim will be dismissed as well.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this 3rd day of February, 2020.

        s/ William C. Griesbach
        William C. Griesbach, District Judge
        United States District Court

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, she will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, she must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if her appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, she will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless she demonstrates that she is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.